THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELL THERAPEUTICS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE LASH GROUP, INC. and<br>DOCUMEDICS ACQUISITION CO., INC.,<br><br>　　　　　　　Defendants. | No. 2:07-cv-00310-JLR<br><br>**DEFENDANT THE LASH GROUP,<br>INC.'S MOTION TO STRIKE<br>PLAINTIFF CELL THERAPEUTICS,<br>INC.'S BELATED DAMAGES<br>DISCLOSURE**<br><br>NOTE ON MOTION CALENDAR:<br>May 16, 2008 |

## I.　INTRODUCTION

At the eleventh hour, plaintiff Cell Therapeutics, Inc. ("CTI") has tried to ambush defendant The Lash Group, Inc. ("Lash") with a completely new claim for $12 million in damages, more than doubling CTI's damage claims in this case. Just last week, less than one month before the end of discovery, fifteen months after filing its complaint and almost a year after serving initial disclosures, CTI served on Lash a Supplement to Initial Disclosures re Damage Computations ("Supplemental Disclosure"). The Supplemental Disclosure identifies a

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 1

new theory of damages claiming that CTI allegedly incurred damages recoverable from Lash for marketing and other expenses related to its drug Trisenox between 2002 and 2005. CTI's theory is that but for the actions of Lash, CTI would have modified its business and marketing strategies, including selling its rights to Trisenox six months earlier than it eventually did. In addition to the questionable merit of such a claim, CTI has provided no justification for its belated disclosure and has not denied that it was aware of these damages (incurred between 2002 and 2005) when it filed its complaint. Indeed, CTI's Complaint does not contain a single factual allegation regarding such damages, which, alone, is reason to strike them.

Lash is substantially prejudiced by CTI's tactics because less than one month of discovery remains. Lash is unable to conduct sufficient additional discovery directed towards CTI's new damages claim which could, and should, otherwise be the subject of a dispositive pre-trial motion. CTI has refused to produce documents in support of its damage claim until it provides its expert report on damages on May 19, 2008. In addition, Lash has already noticed nine of its allotted ten depositions and is unable to serve additional written discovery since the close of discovery is less than thirty days away. Lash is also prejudiced in its ability to locate and identify an expert to rebut these new claims.

CTI's late disclosure is either an improper attempt to untimely amend its complaint, an attempt to avoid dismissal of its claims on Lash's pending Motion for Judgment on the Pleadings or an attempt to pump up its damages theory in hope of forcing a pre-trial settlement. Either way, its actions are improper, and CTI's litigation by ambush tactic should not be countenanced. For these reasons, Lash respectfully requests that the Court strike CTI's belated disclosures and preclude CTI from presenting any evidence related to its new damage claim either to this Court on Motion practice or to a jury at trial.

## II. BACKGROUND

CTI's Complaint seeks reimbursement from Lash for the costs and attorneys fees it incurred in settling and defending a related *qui tam* matter, *United States ex re. Marchese v. Cell Therapeutics, Inc., et al*, No. CV-06-0168-MJP. CTI claims that it was exposed to liability in the related *qui tam* matter because it allegedly relied upon advice Lash provided as a reimbursement services consultant regarding Medicare reimbursement for CTI's drug Trisenox. (Complaint, Dkt. # 1, Exh. A). CTI settled the matter with the Government for approximately $10.5 million and brought the current action against Lash seeking reimbursement for its costs and attorneys fees in settling and defending the *qui tam* action. (*Id.* at ¶¶ 35, 52). In its Complaint, CTI does not make a single allegation against Lash that alludes to its new $12 million damages theory, its marketing practices or that it would have modified is business and marketing strategies, by among other things, selling Trisenox six months earlier than it actually did but for Lash's actions.

On June 25, 2007, the parties exchanged initial disclosures. CTI stated that its damages consisted of (1) $10,569,600.00 paid to settle the *Marchese* action, (2) $516,299.25 and $53,622.50 in attorneys fees incurred in defense and settlement of the *Marchese* action. (*See* Declaration of Euna Kim ("Kim Decl.") ¶ 2, Exh. A). These were the only damages or theories of damage identified. Pursuant to this Court's Scheduling Order, discovery closes on May 19, 2008. (Dkt. # 23 at page 1, ln. 22). CTI has noticed nine of its ten allotted depositions, and is currently in the process of locating the tenth deponent for subpoena. (Kim Decl. ¶ 3). On March 27, 2008, Lash served its Second Set of Requests for Production on CTI seeking documents related to CTI's alleged damages. (*Id.* ¶ 4, Exh. B). CTI served its response on April 21, 2008, producing no documents related to damages and stating instead that it will

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 3

provide documents responsive to its damage claims only when expert reports are required to be served. (*Id.* ¶ 5, Exh. C).

On April 21, 2008, CTI served Lash with its Supplemental Disclosure (*Id.* ¶ 6, Exh. D). CTI for the first time asserted that it is seeking an additional $12,278,425 in consequential damages arising from business losses allegedly incurred from 2002 to 2005. (*Id.*) Specifically, CTI's Supplemental Disclosure states:

> If Lash had not acted unlawfully and had not provided erroneous advice, and with an accurate understanding of the Medicare reimbursement situation for Trisenox, CTI would have modified their sales and marketing plans to reduce expenses in relation to revenues in the period 2002 through 2004, and in light of changes in circumstances as of 2004, including market competition resulting from the FDA's approval of drugs for the treatment of MM and MDS, CTI would have divested Trisenox and related operations no later than December 2004, rather than July 2005. Under these circumstances, CTI would have avoided the 2005 operating losses from sales of Trisenox of $1,067,000, eliminated 2005 Trisenox non-commercial expenses of $1,946,000, and eliminated Trisenox-related finance expenses that it incurred in 2004 and 2005 in the amount of $9,265,425.

Lash immediately wrote to CTI on April 23, 2008, objecting to CTI's new damage claims and requesting that CTI withdraw its Supplemental Disclosure. (*Id.* ¶ 7 Exh. E). On April 25, 2008, the parties met and conferred regarding CTI's Supplemental Disclosure as required by CR 37, and CTI stated that it would not withdraw its Supplemental Disclosure. (*Id.* ¶ 8). On April 29, 2008, CTI reiterated its refusal in a letter to Lash. (*Id.* ¶ 9, Exh. F).[1]

---

[1] In its letter, CTI asserts that it previously gave oral notice of its intent to supplement its damage theory. This notice, which occurred on or about March 28, 2008, did not include any details regarding the substance of the new damage claim, the magnitude of it, or the fact that it related back to damages that were allegedly incurred between 2002 and 2005. It also does not excuse CTI's failure to assert this damage claim when it filed its Initial Disclosure on June 25, 2007, failure to produce any documents regarding its damages claim or explain why CTI waited another three weeks to serve its Supplemental Disclosure.

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 4

## III.    ARGUMENT

Under the Federal Rules, a party has a duty to supplement its disclosures in a *timely manner* when the party discovers new information or learns that previous disclosures were incomplete or inaccurate. Fed. R. Civ. P. 26(e)(1)(A) ("Rule 26(e)"). Where a party fails to disclose information as required by Rule 26(e), the party may not use the undisclosed information as evidence on a motion, at a hearing or at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). This exclusionary remedy is employed where a party is untimely or delays in supplementing its initial disclosures. *Moore v. King County Fire Protection District No. 26*, No. C05-442JLR, 2006 WL 2061196 *13 (W.D. Wash. July 21, 2006)(recognizing that "[l]ate disclosures are never appropriate, and where the lateness causes prejudice, the court will consider excluding the untimely material.").

### A.    CTI's Supplemental Disclosure Should Be Stricken Because It Is Unjustifiably Untimely

CTI instituted this action nearly 15 months ago, and the parties exchanged initial disclosures in June of 2007, over ten months ago. Discovery closes in less than three weeks. Through its Supplemental Disclosure, CTI has more than doubled its previous damage computation. Further, CTI does not offer a single explanation for its delay in asserting its claims until this late stage in the litigation. *See Northwest Pipeline Corp. v. Ross*, No. C05-1605RSL, 2008 WL 1744617 * 7 (W.D. Wash., April 11, 2008)(court excluded documents and other materials related to plaintiff's expert where plaintiff disclosed the materials just two weeks before the close of discovery.)

Exclusion is also appropriate where the disclosing party lacks a substantial justification for its delay in disclosing required information. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (recognizing that "substantial justification" may defeat exclusion, but ultimately excluding untimely expert witness evidence despite offering party's

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 5

claim that the delay was justified). Here, CTI offers no explanation or justification for its delay in supplementing its initial disclosures. CTI's new damage computation relates to damages that occurred between 2002 and 2005. To the extent that there are any facts supporting CTI's speculative new damage claims, such facts plainly were known to CTI when it filed its complaint in January 2007 and when CTI submitted its initial disclosure in June of 2007 – well over a year after CTI allegedly incurred those particular costs and expenditures. CTI's complaint alleges no facts that support or relate to its new theory. CTI cannot suggest that this new damage claim is based upon some newly discovered evidence or that it learned of its damages only through a review of documents in the possession of another party. All information and documents that may support this new multi-million dollar claim have been known to and in the possession of CTI for several years. There is simply no justification for its delay in asserting this claim.

      **B.**    **CTI's Delay is Prejudicial to Lash**

Lash is extremely prejudiced by CTI's belated disclosure because it is unable to conduct sufficient additional discovery directed towards CTI's new damages claim. CTI has stated that it will produce documents in support of its damages only when it submits its expert damages report on May 19. Moreover, Lash has already noticed nine of its ten allotted depositions and is in the process of tracking down its tenth deponent. Since it served its Supplemental Disclosure less than three weeks before the discovery deadline, Lash cannot serve additional written discovery on CTI that would be answerable within the 30 days provided under Fed. R. Civ. P. 33. Lash is further prejudiced because it has less than one month to locate and identify an expert to rebut CTI's multi-million dollar damages claim.

To the extent Lash understands CTI's new damages theory, it is clear that Lash will need to conduct substantial discovery about CTI's finances, its operations, its business strategy,

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 6

its sales and marketing plans, its costs and expenses, its accounting practices and its market competition to determine how "CTI would have avoided the 2005 operating losses from sales of Trisenox of $1,067,000, eliminated 2005 Trisenox non-commercial expenses of $1,946,000, and eliminated Trisenox-related finance expenses that it incurred in 2004 and 2005 in the amount of $9,265,425" (Supplemental Disclosure at 2) if it had not received allegedly erroneous advice from Lash. For example, Lash would need to examine closely CTI's financial records and its personnel to determine whether theses alleged costs and expenses are attributable to Trisenox sales and marketing or other reasons. Since CTI also alludes to changes in circumstances in 2004, including market competition resulting from the FDA's approval of allegedly competing drugs, Lash would need to examine what was known by CTI about these allegedly changed circumstances and market competition. To date, CTI has not provided documents or other evidence to support these new damage computations and has indicated it will not do so until expert witness reports are exchanged. The prejudice to Lash is substantial.

      Notwithstanding the fact that CTI's additional claims should not be allowed because they lack merit, CTI's new damages claim has changed the color of what was originally an indemnity action to one that turns upon CTI's business practices. CTI's new claim would substantially broaden the scope and length of trial, and issues of CTI's business practices would take center stage. For this reason, if allowed, CTI's new damages claim is more appropriately the subject of a dispositive pre-trial motion.

      The parties have fully briefed Lash's pending Motion for Judgment on the Pleadings which may completely resolve CTI's claims against Lash. CTI should not be allowed to end-run judicial procedure by raising new claims in the hopes of perpetuating its case.

### III. CONCLUSION

CTI should not be allowed to side-step judicial procedure by coming up with new damages theories at the eleventh hour hoping to either amend its complaint, avoid dismissal on Lash's Motion for Judgment on the Pleadings or increase the settlement value of this case. For the foregoing reasons, Lash respectfully requests that this Court strike CTI's Supplemental Disclosure and issue an order precluding CTI from presenting any evidence related to CTI's new damage claims. In the alternative, Lash reluctantly requests that this Court extend the discovery period an additional sixty (60) days, as well as the dispositive motion deadline and allow Lash to take additional depositions to enable Lash to investigate CTI's new allegations.[2]

DATED:    April 29, 2008            REED SMITH LLP

                            By    /s/ R. Euna Kim
                                Thomas H. Suddath, Jr., Admitted Pro Hac Vice
                                REED SMITH LLP
                                2500 One Liberty Place
                                1650 Market Street
                                Philadelphia, PA 19103-7301

                                R. Euna Kim, Admitted Pro Hac Vice
                                REED SMITH LLP
                                Two Embarcadero Center, Suite 2000
                                San Francisco, CA 94111
                                (415) 543-8700

                                CORR CRONIN MICHELSON
                                BAUMGARDNER & PREECE LLP

---

[2] Lash is mindful of the Court's prior instruction that requests for additional time to conduct discovery would be viewed with disfavor. The appropriate sanction for CTI's belated damage claim is to strike its claim and to preclude any evidence related to it. Such relief would eliminate any delay and would spare the considerable additional expense that will be incurred by this additional damages discovery. Lash is also mindful of the Court's instruction about complying with the current trial date, but Lash is concerned that the current amount of time allotted for trial will be insufficient if CTI's new damages claim are allowed to expand the issues in the case.

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 8

1
2
3
4
5

Kelly P. Corr, (Bar No. 00555)
Laurie M. Thornton (Bar No. 35030)
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600

Attorneys for Defendant
The Lash Group, Inc.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DEFENDANT'S MOTION TO STRIKE PLAINTIFF
CELL THERAPEUTICS, INC.'S BELATED DAMAGES
DISCLOSURE - Page 9