THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELL THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE LASH GROUP, INC. and DOCUMEDICS ACQUISITION CO., INC.,<br><br>Defendants. | No. 2:07-cv-00310-JLR<br><br>**DEFENDANT THE LASH GROUP, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO STRIKE PLAINTIFF CELL THERAPEUTICS, INC.'S SUPPLEMENTAL DAMAGES DISCLOSURE**<br><br>**NOTED ON MOTION CALENDAR: March 19, 2010** |



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION

Despite having had over two years to explain why it delayed asserting a new theory of damages until just before the close of discovery, Plaintiff Cell Therapeutics, Inc. ("CTI") has failed to do so. In its Opposition to The Lash Group, Inc.'s ("Lash") Renewed Motion to Strike ("Opposition"), CTI never explains why it waited fifteen months after filing its complaint and nearly a year after serving its Initial Disclosures to introduce a $12 million damage claim even though CTI plainly knew the extent of its damages when it filed its complaint. Nor does CTI explain how it complied with Fed. Rule of Civ. Proc. 26(e)(1)(A), which obligates a party to supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."

CTI has also failed to demonstrate that its lack of diligence is harmless. To the contrary, Lash has already completed fact discovery in this case once, thousands of documents have already been produced and reviewed, and the depositions of the witnesses with knowledge relevant to the damage theory actually disclosed by CTI in a timely manner (the theory that did not include the $12 million belated sought by CTI) are complete. Given the time and money already incurred in completing fact discovery the first time, forcing CTI to conduct fact discovery for a second time is clearly prejudicial.

In short, CTI has the burden of demonstrating that its untimely Supplemental Disclosure was justified or harmless under Fed. R. Civ. P. 37(c)(1). It has not done so. As a result, Lash respectfully requests that the Court strike CTI's Supplemental Disclosure and preclude CTI from presenting any evidence related to its new damage claim.



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## II. ARGUMENT

### A. The Ninth Circuit's Decision does Not Foreclose this Court's Consideration of Whether the Supplemental Disclosure was Timely.

CTI initially suggests that the Ninth Circuit's analysis regarding the damages that CTI pled in its initial complaint is somehow relevant to this Court's decision on the issue of whether the supplemental damages disclosure was timely. It is not. The issue presented by this motion is the untimeliness of CTI's supplemental disclosures, not the adequacy of its pleadings. The Ninth Circuit specifically left open this question, stating, "[w]e make no judgment regarding the timeliness or ultimate viability of what Lash characterizes as CTI's untimely supplemental disclosure regarding its $12.3 million in alleged business losses." *Cell Therapeutics, Inc. v. Lash Group*, 2010 U.S. App. LEXIS 355, *24 (9th Cir. Jan. 6, 2010).

### B. CTI has Not Demonstrated that its Untimely Disclosure was Harmless.

CTI has failed to demonstrate a lack of prejudice resulting from its delay. CTI contends that the prejudice to Lash can be cured because there is no established trial date and therefore Lash has time to conduct additional discovery. CTI's argument fails for several reasons.

First, the mere fact that a trial date has not been set is not controlling on the issue of prejudice. *See Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) (expert witness who was untimely disclosed was properly excluded where delay was without substantial justification and was not harmless within meaning of FRCP 37(c)(1), even though the trial date was several months away, because the need for witness could have been reasonably anticipated before disclosure deadline and the inclusion of witness would disrupt the court's scheduling).

Second, CTI's argument completely ignores the fact that it is essentially asking the Court to order the parties to conduct fact discovery for a second time. The prejudice resulting from having to re-do already completed fact discovery is obvious and provides more than



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

adequate grounds for striking CTI's disclosure. *See, e.g., Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008) (trial court "did not abuse its discretion in denying the motion to amend given the potential prejudice to defendants that would result from the late addition of a new claim proposed after most of the discovery had been completed" where allowing amendment would prejudice defendants because "they would have to redo much of the discovery that had already been completed, including depositions of the parties"); *Capp, Inc. v. Dickson/Unigage, Inc.*, 2004 U.S. Dist. LEXIS 19138, *12 (E.D. Pa. Sept. 8, 2004) (finding undue prejudice where defendant "litigated this action and conducted discovery on the basis of the claims" actually alleged in plaintiff's complaint and where the requested amendment would force the defendant "to incur tremendous additional expense and time to redo much of the prior discovery and engage in very extensive additional discovery on the entirely new and different set of legal claims").

Third, contrary to CTI's assertion, Lash has not had the opportunity to conduct meaningful discovery on CTI's new $12,000,000 damage claim. CTI contends that Lash has allegedly conducted "much" of the necessary damages discovery when it deposed CTI's designated damages expert, Louis Bianco. Lash's examination of Mr. Bianco during a portion of his deposition and the witness' vague testimony about a three-page profit and loss statement (without any backup or supporting documentation) is woefully insufficient to allow Lash to refute fully a new multi-million-dollar claim. Considerable additional discovery of experts and other witnesses and third parties into these alleged damages will be necessary.

Fourth, even if ordering additional discovery were the appropriate remedy under the circumstances (and it is not), no amount of additional discovery will erase the prejudice involved in trying to rebut damage claims based upon events that allegedly occurred eight years ago. If CTI's new damages claim is permitted, Lash will need to engage third-party consultants such as economists, accountants and other experts to examine events from many years ago in



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

order to defend against CTI's belated damages. Lash will be forced to defend against stale claims involving millions of dollars in alleged damages. Inevitably, the memories of the witnesses have faded and the supporting documents, if they ever existed, will have been lost. No amount of additional discovery can undo this prejudice.

Under these circumstances, striking the supplemental damages is an appropriate sanction. Indeed, other courts have done so in similar circumstances. *See, e.g.*, *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (plaintiff's nondisclosure of damages calculations was not harmless within meaning of Fed. R. Civ. P. 37(c)(1), and therefore was excluded since late disclosure of damages would have likely required modification of schedules of district court and parties by requiring new briefing schedule and perhaps re-opening discovery); *Saint Gobain Autover USA, Inc. v. Xinyi Glass North America, Inc.*, 666 F.Supp.2d 820, 827 (N.D. Ohio 2009) (plaintiff was sufficiently prejudiced by defendant's delay in supplementing discovery response to warrant exclusion of supplemental response).

**C. CTI has Not Demonstrated that its Untimely Disclosure was Justified.**

CTI has not offered a single explanation justifying its untimely disclosure. There is none.

To the contrary, CTI's new claim is premised upon damages that allegedly occurred between 2002 and 2005 and is allegedly supported by profit and loss statements and SEC filings dating back to 2002. CTI surely knew of its own profit and loss statements and publicly-available SEC filings even prior to the filing of this lawsuit in 2007. Instead of identifying this category of damages at that time, however, CTI delayed doing so until discovery was essentially complete. While two years have passed since this belated disclosure, CTI remains unable to offer any justification for this inexcusable delay.



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

It is also clear that CTI's conduct violated Fed. R. Civ. P. 26(e)(1)(A) which provides, "[a] party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." CTI waited nearly a year after serving its Initial Disclosures to notify Lash of its "new" damages, damages allegedly incurred several years before CTI filed its complaint.

CTI's actions were also insufficient at the time of its belated disclosure, as CTI did not provide sufficient supporting documentation for these new damages. CTI took the position that it would provide documents responsive to its damage claims only when expert reports were served. Kim Declaration in Support of Lash's Motion to Strike, ¶ 4, Exh. C. Such reports were not served until nearly all depositions had been concluded a month later. Indeed, expert reports were served a mere *two days* before Louis Bianco's deposition and <u>none</u> of CTI's experts opined as to CTI's new damages claim. Thus, aside from three pages of profit and loss statements accompanying CTI's Supplemental Disclosure and some SEC filings, no documents relevant to CTI's new damages claim have been produced by CTI.[1] Thus, CTI's failure to comply with Rule 26(e)(1)(A) was exacerbated by its failure to provide any useful documentation to support its claim. Under these circumstances, exclusion of the damages in Supplemental Disclosure is an appropriate sanction under Rule 37(c)(1).

---

[1] Lash inadvertently omitted the three pages of CTI's profits and losses that were attached to CTI's Supplemental Disclosure in the Kim Declaration submitted in Lash's Opening Brief. The Supplemental Disclosure with all such attachments is attached as Exhibit A to the Kim Declaration in Support of Lash's Reply.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**D. Striking CTI's Supplemental Disclosure Furthers Judicial Interest in Expediency and Efficiency.**

The most efficient way to resolve this case is to resolve CTI's indemnification claim first. CTI does not and cannot deny that discovery regarding CTI's indemnification claim is nearly complete and ready for a limited, expedited trial. Resolving CTI's claim for indemnification first best serves the interest of this Court and all parties in expediency and efficiency. If it is determined that CTI violated the False Claims Act, then all claims which have the effect of providing indemnification or contribution could be dismissed, potentially resolving the entire litigation without undue delay or unnecessary fees and related costs.[2] Under Ninth Circuit authority, bifurcation of this trial is appropriate, and Lash intends to seek such relief through an appropriate motion. However, whether this case is bifurcated at a later time should not obscure the issue presently before this Court: whether CTI should be allowed to proceed with a belatedly disclosed damage theory where doing so will clearly prejudice Lash.

## III. CONCLUSION

Lash remains prepared to pursue discussions with counsel for CTI in an effort to resolve as many issues as possible by agreement and to identify any unresolved issues in the parties' 60-day status report. The resolution of the present motion, however, will have a significant impact upon the remaining issues in the case. For the foregoing reasons, Lash respectfully requests that this Court strike CTI's Supplemental Disclosure and issue an order precluding CTI from presenting any evidence related to its belated damage claims at trial.

---

[2] Lash estimates that the issue of whether CTI violated the False Claims Act and its corresponding right to indemnification, if any, could be tried in less than a week. Depending upon this Court's trial schedule, this could potentially resolve this case well before 2011 or 2012.



CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

DATED: March 19, 2010.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

/s/ Michael A. Moore
Kelly P. Corr, Bar No. 555
Michael A. Moore, Bar No. 27047

Thomas H. Suddath, Jr., admitted *pro hac vice*
Elizabeth S. Fenton, admitted *pro hac vice*
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8209
tsuddath@reedsmith.com
efenton@reedsmith.com

R. Euna Kim, admitted *pro hac vice*
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
(415) 543-8700
ekim@reedsmith.com

Attorneys for Defendant
The Lash Group, Inc.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David B. Markowitz *(pro hac vice)*
Kerry J. Shepherd
Markowitz Herbold Glade & Mehlhaf
1211 S.W. 5th Avenue, Suite 3000
Portland, OR 97204-3730
Phone: 503-295-3085
davidmarkowitz@mhgm.com
KerryShepherd@MarkowitzHerbold.com

Erik R. Lied
Walter E. Barton
J. Derek Little
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
Phone: 206-223-1313
Fax: 206-682-7100
elied@karrtuttle.com
gbarton@karrtuttle.com
dlittle@karrtuttle.com

Thomas H. Suddath, Jr. (*pro hac vice*)
Elizabeth S. Fenton *(pro hac vice)*
Reed Smith LLP
2000 One Liberty Place
1650 Market Street
Philadelphia, PN 19103
Phone: 215-851-8209
Fax: 215-841-1420
tsuddath@reedsmith.com
efenton@reedsmith.com

R. Euna Kim *(pro hac vice)*
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Phone: 415-659-5903
Fax: 415-391-8269 Fax
ekim@reedsmith.com

*/s/ Michael A. Moore*
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900